776 S.E.2d 574

**In the Matter of J. Todd KINCANNON, Respondent.**

**Appellate Case No. 2015–001824.**

Supreme Court of South Carolina.

Aug. 28, 2015.

## ORDER

The Office of Disciplinary Counsel asks this Court to issue an order transferring respondent to incapacity inactive status pursuant to Rule 28, RLDE, Rule 413, SCACR, or in the alternative, placing respondent on interim suspension pursuant to Rule 17, RLDE, Rule 413, SCACR. The petition also seeks appointment of the Receiver pursuant to Rule 31, RLDE, Rule 413, SCACR, to protect the interests of respondent's clients.

IT IS ORDERED that respondent's license to practice law in this state is suspended and respondent is transferred to incapacity inactive status until further order of this Court.

IT IS FURTHER ORDERED that Peyre Thomas Lumpkin, Esquire, Receiver, is hereby appointed to assume respon-

sibility for respondent's client files, trust account(s), escrow account(s), operating account(s), and any other law office accounts respondent may maintain. Mr. Lumpkin shall take action as required by Rule 31, RLDE, Rule 413, SCACR, to protect the interests of respondent's clients. Mr. Lumpkin may make disbursements from respondent's trust account(s), escrow account(s), operating account(s), and any other law office accounts respondent may maintain that are necessary to effectuate this appointment.

This Order, when served on any bank or other financial institution maintaining trust, escrow and/or operating account(s) of respondent, shall serve as an injunction to prevent respondent from making withdrawals from the account(s) and shall further serve as notice to the bank or other financial institution that the Receiver, Peyre Thomas Lumpkin, Esquire, has been duly appointed by this Court.

Finally, this Order, when served on any office of the United States Postal Service, shall serve as notice that the Receiver, Peyre Thomas Lumpkin, Esquire, has been duly appointed by this Court and has the authority to receive respondent's mail and the authority to direct that respondent's mail be delivered to Mr. Lumpkin's office.

Mr. Lumpkin's appointment shall be for a period of no longer than nine months unless an extension of the period of appointment is requested.

/s/Jean H. Toal, C.J.